

# NUMBER 13-08-00393-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**TEXAS DEPARTMENT OF
PUBLIC SAFETY,**                                                        **Appellant,**

**v.**

**ANTONIO LOZA ESPINOZA,**                                    **Appellee.**

---

**On appeal from the 138th District Court of Cameron County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

By one issue, appellant, the Texas Department of Public Safety ("the Department"),

appeals from the trial court's order granting a petition for expunction filed by appellee,

Antonio Loza Espinoza. We affirm.

## I. BACKGROUND

Espinoza was arrested for misdemeanor driving while intoxicated on July 29, 2007.[1] The charges against him were dismissed. On April 2, 2008, Espinoza filed a petition to expunge all records and files relating to his arrest. An expunction hearing was held on May 20, 2008. The State was represented by the assistant criminal district attorney; however, the Department did not appear. The trial court granted Espinoza's petition for expunction.[2] This appeal ensued.

## III. ANALYSIS

By its sole issue, the Department argues that Espinoza did not establish that the statute of limitations had expired prior to filing his petition. However, we conclude that the Department is precluded from challenging this issue on appeal.

The Texas Department of Public Safety has been established by statute as an agency of this State.[3] The district attorney represents the interests of a State agency that does not appear at an expunction hearing.[4] The Department did not appear at the expunction hearing; therefore, its interests were represented by the district attorney.[5]

At the expunction hearing, the district attorney, representing the interests of the

---

[1] *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003).

[2] In his petition, Espinoza sought expunction of the arrest under article 55.01 (a)(2) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (Vernon 2006). The trial court granted his petition. As such, we regard the order's reference to section (a)(1) as a typographical error.

[3] T EX. GOV'T. CODE ANN. § 411.002(a) (Vernon 2005).

[4] *See Tex. Dep't of Pub. Safety v. Butler*, 941 S.W.2d 318, 320 (Tex. App.–Corpus Christi 1997, no writ); *see also Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) ("Texas law governing expunction of criminal records creates a unique situation in which all persons and agencies party to an expunction share not only interwoven but identical interests.").

[5] *Butler*, 941 S.W.2d at 320.

Department, expressly stated to the trial court that he was in agreement with, and did not have any opposition to the expunction order. Therefore, because the district attorney represented to the trial court that it had "no opposition" to expunction in this case, any error by the trial court in granting the expunction was clearly invited by the district attorney.[6] Thus, the district attorney and the agencies it represented at the hearing cannot inconsistently contend on appeal that the trial court erred by expunging these records. The Department's sole issue is overruled.

## IV. CONCLUSION

We affirm the judgment of the trial court.

LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and
filed this the 20th day of August, 2009.

---

[6] *See Kelly v. Demoss Owners Ass'n*, 71 S.W.3d 419, 424 (Tex. App.–Amarillo 2002, no pet.) ("Invited error is an equitable doctrine which prohibits a party from acting in a way that misleads a trial court into committing error and is well established in Texas jurisprudence.").

3